# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

KELLY FLOCKHART,

        Plaintiff,

vs.

SYNCHRONY BANK,

        Defendant.

No.  17-CV-4019-MWB

**ORDER**

_____

## I.     INTRODUCTION

This matter is before the Court pursuant to defendant Synchrony Bank's motion (Doc. 10), to stay this lawsuit pending the outcome of *ACA International v. Federal Communications Commission*, Case No. 15-1211 ("*ACA International*").  Plaintiff filed non-timely resistance on July 10, 2017 (Doc. 12) pursuant to Court Order.  (Doc 11).  For the reasons that follow, the Court grants defendant's motion to stay proceedings pending the D.C. Circuits' decision in *ACA International*.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

On March 28, 2017, plaintiff filed suit against defendant alleging violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.  (Doc. 2).  Plaintiff alleges that defendant used an automatic telephone dialing system (ATDS) to call plaintiff's cell phone many times without plaintiff's consent in violation of the TCPA.  (*Id.*).  On May 11, 2017, defendant filed an answer.  (Doc. 9).  On June 12, 2017, defendant filed a motion to stay all proceedings in this case pending decision of the D.C. Circuit in the consolidated appeal *ACA International*.

Congress passed the TCPA in 1991, and delegated definitions regarding the do not call rules to the Federal Communications Commission (FCC). 47 U.S.C. § 227(c)(3). The TCPA prohibits any ATDS from calling wireless phones and leaving prerecorded messages without express consent of the called party. 47 U.S.C. § 227(b)(1)(A). On July 10, 2015, the FCC further defined an ATDS as "dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers [and thus meets the TCPA's definition of "autodialer"] even if it is not presently used for that purpose, including when the caller is calling a set list of consumers". *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 30 FCC Rcd 7961, 10 (July 10, 2015). The July 2015 FCC ruling has prompted significant TCPA litigation, while affected corporations claim the FCC has exceeded its regulatory authority. John R. Chiles, Zachary Miller, & Rachel R. Friedman, TCPA Litigation Update: Enduring Questions after the FCC's 2015 TCPA Declaratory Ruling, 72 Bus. Law. 577 (Spring 2017).

The July 2015 FCC ruling was challenged by consolidated appeal to the D.C. Circuit in *ACA International*. Pursuant to the Hobbs Act, the D.C. Circuit can reverse the FCC ruling and remand the case to the FCC to carry out the judgment of the Court, subject to review by the Supreme Court upon writ of certiorari. 47 U.S.C. § 402. At the present time, pending the decision of the D.C. Circuit, the July 2015 FCC ruling is the law.

### III.   LEGAL STANDARD

The Court has broad discretion to stay proceedings when appropriate to control its docket as far as optimal use of judicial resources while weighing competing interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936): *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). In the event of a pending decision that will be controlling in the instant case, federal courts have considered issuing a stay pending

another court's decision. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). In deciding the merits of a motion to stay proceedings, the Court weighs the following factors: (1) whether a stay will be the most efficient use of judicial resources by preventing duplication of effort; (2) whether the pending decision could simplify and narrow the issues in the case; and (3) whether the Court will be able to benefit from the pending decision. *Middleton, Inc. v. Minnesota Mining and Mfg. Co.,* 2004 WL 1968669, at 3 (S.D. Iowa Aug. 24, 2004).

Since the *ACA International* appeal, the Federal Courts have ruled multiple times whether to stay lawsuits similar to the instant case, pending the D.C. circuit decision. Factors weighed in considering a stay of proceeding include whether:

> the definition of an ATDS is a threshold issue for liability and would determine the scope of discovery; (2) a stay would conserve judicial resources, clarify the law, and aid the court in making a decision on the merits; (3) the plaintiff would not be prejudiced by a stay; (4) a stay would reduce the burden of litigation on the parties; (5) the **ACA International** appeal was not likely to remain pending for long, considering that briefing is complete and oral argument scheduled; and (6) absent a stay, the defendant would suffer hardship in conducting discovery and preparing for trial.

*Frable v. Synchrony Bank*, 2016 WL 6123248, at *4 (D. Minn. Oct. 17, 2016); *See, e.g.*, *Coatney v. Synchrony Bank*, No. 6:16–cv–389–Orl–22TBS, 2016 WL 4506315, at *2 (M.D. Fla. Aug. 2, 2016); *Rose v. Wells Fargo Advisors, LLC*, No. 1:16–CV–562–CAP, 2016 WL 3369283, at *2 (N.D. Ga. June 14, 2016).

## IV.   ANALYSIS

### A.   *Defendant's Motion to Stay*

Defendant moves to stay proceedings pending outcome of *ACA v FCC*. (Doc. 10). Defendant argues that the *ACA International* decision will be binding on this court, possibly extinguish plaintiff's claims, and will dictate scope and issues of discovery in the instant case.  Defendant cites many cases where federal courts, including this court, have stayed similar proceedings pending the *ACA International* decision by the D.C. Circuit.  *Thompson-Harbach v. USAA Federal Savings Bank*, Case No. 6:15-CV-02098-EJM; (Doc 10-1, at 4).  Defendant further argues that a reversal of FCC decision by the D.C. circuit would be binding on this Court, and would invalidate the FCC ruling regarding the definition of ATDS.  (*Id.*).  Defendant claims that the standards for granting stay of proceedings are met here pending outcome of *ACA International*.  Defendant also argues that a delay would not unduly prejudice or disadvantage plaintiff and would clarify the legal issues.  (Doc 10-1).

### B.   *Plaintiff's Resistance*

Plaintiff failed to respond timely to the instant motion pursuant to Local Rule 7(e). Additionally, plaintiff failed to give good cause for missing the June 26, 2017, deadline for resistance to defendant's instant motion.   Plaintiff resists the motion to stay proceedings arguing that defendant failed to prove that the *ACA International* ruling would apply to the instant case.   Plaintiff cites multiple decisions by federal courts denying stays of proceedings pending the *ACA International* decision when fact patterns are similar to the instant case.  (Doc. 12).  Plaintiff claims that it is purely speculative that any ruling from the D.C. circuit would change the applicable law as it currently stands and stresses that any D.C. Circuit decision will likely be appealed and heard by the Supreme Court. (Doc 12, at 4).  Plaintiff emphasized that the FCC ruling in question of July 2015 is not a deviation from prior decisions, but a reaffirmation.  Plaintiff also

asserts that because discovery in the instant case has not started, defendant has failed to prove that the equipment that it used to dial the calls allegedly in violation of the TCPA would be classified as ATDS. (Doc. 12).

Plaintiff claims that the instant case differs from *Thompson-Harbach v. USAA* in that this Court's sole reasoning for granting a stay was that Plaintiff did not oppose the motion. (Doc. 12, at 5). Plaintiff distinguishes the instant case from *Frable v. Synchrony* because in *Frable* discovery had been adequate to establish that *ACA International* would apply. (*Id.*). Plaintiff additionally claims that defendant would not be unduly burdened by proceeding before the *ACA International* ruling, but plaintiff would be substantially prejudiced by granting the requested stay emphasizing that the stay could last for many years. (*Id.*).

### C.    Decision

Federal courts have split decisions in motions to stay TCPA violation cases where defendant allegedly has used an ATDS. *See, e.g., Gage v. Cox Communc'ns, Inc.,* No. 2:16-cv-02708-KJD-GWF, 2017 WL 1536220 (D. Nev. Apr. 27, 2017); *Tilley v. Ally Fin., Inc.*, No. 16-cv-14056, 2017 WL 1732021 (E.D. Mich. Apr. 26, 2017)*; Doerken v. USAA Savings Bank*, No. CV 16-08824-RSWL-MRW, 2017 WL 1534186 (C.D. Cal. Apr. 26, 2017)*; Jacobs v. Ocwen Loan Servicing, LLC*, No. 16-62318-Civ-Scola, 2017 WL 1733855 (S.D. Fla. Apr. 14, 2017); *Lilly v. Synchrony Fin.*, No. 2:16-cv-2687-JCM-VCF, 2017 WL 1370698 (D. Nev. Apr. 7, 2017)*; Ankcorn v. Kohl's Corp.*, No. 15-CV-1303, 2017 WL 395707, at *2 (N.D. Ill. Jan. 30, 2017)*; Reynolds v. Time Warner Cable*, No. 16-cv-6165, 2017 WL 362025 (W.D.N.Y. Jan. 25, 2017)*; Maksymowski v. Navient Solutions, Inc.*, No. 15-14368, 2017 WL 486941 (E.D. Mich. Jan. 12, 2017)*; Mendez*, 2017 U.S. Dist. LEXIS 33360; *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096 (N.D. Cal. 2016); *Jones v. AD Astra Recovery Servs., Inc.*, 2016 U.S. Dist. LEXIS

73561 (D. Kan. June 6, 2016).  This Court has one prior ruling in *Thompson-Harbach v. USAA* staying similar TCPA litigation pending the *ACA International* ruling.

The Court agrees that if proceedings were stayed for a period of years, plaintiff would be unduly prejudiced, but this is not likely the instant circumstance.  Although there is no set date for the D.C. circuit to rule in *ACA International*, the decision will likely be no more than months, not years.  Once the D.C. circuit rules, this stay will terminate and the proceedings will resume.  Should the controversy be heard by the Supreme Court, any motion related to that hypothetical will be reviewed independently at that time.  The decision by the D.C. Circuit will likely be at least persuasive, if not controlling for the instant case, pursuant to the Hobbs Act, 47 U.S.C. § 402.

Although discovery has not commenced, the Court opines, based on plaintiff's complaint, there is high probability that the *ACA International* ruling will focus and expedite the discovery process.  Plaintiff's complaint alleges: "[u]pon information and good faith belief, based on the frequency, number, nature and character of these calls, defendant used an automatic telephone dialing system, or other equipment capable of storing and/or producing telephone numbers, to place these calls." (Doc. 2).  Thus, in granting the requested stay, no party is unduly prejudiced.  Should a potential D.C. Circuit ruling be applied while in the active discovery or litigation process, the judicial process could be confused or delayed, thus unduly burdening the parties as well as the Court.  The Court disagrees with plaintiff's assertion that in *Thompson-Harbach v. USAA* the only reason for a stay was that the motion in that case was unopposed, rather the reasons above also applied in *Thompson-Harbach v. USAA*.

The Court finds in favor of a stay of proceedings for the following reasons: the definition of an ATDS is a threshold issue for liability and would determine the scope of discovery, a stay could conserve judicial resources, clarify the law, and aid the court in making a decision on the merits.  Additionally the plaintiff will likely not be prejudiced

by a stay that could reduce the burden of litigation on both parties. The *ACA International* appeal will not likely remain pending for long, and absent a stay, the defendant would suffer hardship in conducting discovery and preparing for trial should the *ACA International* decision reverse the FCC ruling of July 2015. *See*, *e.g.*, *Frable v. Synchrony Bank*, 2016 WL 6123248, at *4 (D. Minn. Oct. 17, 2016); *Thompson-Harbach v. USAA*. Therefore, the case is stayed until the D.C. Circuit Court of Appeals issues a decision in *ACA International*.

## V.   CONCLUSION

For the reasons set forth herein, defendant's motion to stay (Doc. 10) is **granted**.

**IT IS SO ORDERED** this 1st day of August, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa